Dear Representative Molendorp:
This opinion is in response to your request regarding whether a city-in this case, the City of Raymore, a charter city-may impose a city-wide trash service upon its citizens, whether a citizen may legally refuse the trash services, and whether the city may bill the trash collection service as part of a water bill.
Generally, cities and other municipal corporations, "`have no inherent powers but are confined to those expressly delegated by the sovereign and to those powers necessarily implied in the authority to carry out the delegated powers.'" ChristianCounty v. Edward D. Jones and Co., L.P.,200 S.W.3d 524, 527 (Mo. banc 2006), quoting Premium StandardFarms, Inc. v. Lincoln Township of Putnam County,946 S.W.2d 234, 238 (Mo. banc 1997). Cities and public corporations "may only exercise powers (1) granted to them in express words by the state, (2) those necessarily and fairly implied in or incident to those powers expressly granted, and (3) those essential and indispensable to the declared objectives and purposes of the county." Borron v. Farrenkopf,5 S.W.3d 618, 620-21 (Mo. App. W.D. 1999); Premium Standard Farms,Inc. v. Lincoln Township of Putnam County, 946 S.W.2d at 238. If the local governmental body acts beyond its authority, its acts are void. Borron v. Farrenkopf, 5 S.W.3d at 620. *Page 2 
When a city is given a delegation of power by the legislature, the city "is necessarily left with large discretion as to the method to be adopted and the manner in which it is to be done. And there exists a presumption of reasonableness that attaches to such ordinances." Craig v. City of Macon,543 S.W.2d 772, 775 (Mo. banc 1976) (citations and quotation marks omitted). But, even though a city has discretion in how to use its powers, a city does not have the ability to expand on those powers:
 [A]ny reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of non-delegation. Where the legislature has authorized a City to exercise a power and prescribed its exercise, the right to exercise the power given in any other manner is necessarily denied. Courts have generally followed a strict rule of construction when construing the powers of municipalities.
State ex rel. Birk v. City of Jackson,907 S.W.2d 181, 184 (Mo. App. E.D. 1995) (citations and quotation marks omitted).
Your initial question is whether cities are allowed to impose a city-wide trash service on its citizens. Cities are given power to provide for the collection of solid waste in § 260.215.1, RSMo 2000. This section requires "each city and each county" or combination thereof to provide "for the collection and disposal of solid wastes" for areas served by the "solid waste management system."[1] Id. All cities and counties have power to pass ordinances to manage solid waste. Section 260.215.2, RSMo 2000. And, § 260.215.3(1), RSMo 2000, gives cities and counties power to contract "with any person, city, county, common sewer district, political subdivision, state agency or authority in this or other states to carry out their responsibilities for the storage, collection, transportation, processing, or disposal of solid wastes." Thus, the city or county may either operate trash collection services itself, or may contract with privately-owned trash collection services, as long as those private companies adequately eliminate the trash problem. Section 260.215.3(1)-(2), *Page 3 
RSMo 2000. Under this statute, a city does have power to impose a city-wide trash service upon its citizens.
Your next question is whether a citizen may legally refuse the trash service. Section 260.215, RSMo 2000, allows cities to make trash collection mandatory, and set a mandatory fee to pay for trash collection, whether or not the city resident actually uses the trash collection service. Craig v. City of Macon,543 S.W.2d 772, 774-75 (Mo. banc 1976). Therefore, cities, including Raymore, may provide trash service for all residents and charge all residents for that service. A citizen may refuse to use the trash service, but would still be legally obligated to pay for that service. Id.
Your final question is whether the city may bill the trash collection service as part of a water bill. The legislature has given cities power to contract with utilities "to collect monthly service fees for the collection of solid waste." Section 260.215.6, RSMo 2000. Therefore, cities may bill for the trash collection service as part of a water bill. However, this power is limited by § 260.215.5, RSMo 2000, in two ways.
First, if a city "establishes a service charge for solid waste collection services," that city "shall state the service charge separately from any other charge of any kind." Id. Therefore, utilities may not lump water and garbage collection into one fee and bill it as one item. On the monthly bill, utilities must state the water fee separately from the trash collection fee.
Second, "[n]o city or county shall withhold, or authorize the withholding of, any other utility service for failure to collect the separately stated service charge." Therefore the legislature barred cities from shutting off other utilities for non-payment of trash service.[2] That means that if a city bills water and trash service together, and a citizen only pays enough money to cover the water portion of the bill, the city cannot apply the payment to trash first and deem the water bill to be unpaid. The legislature chose to bar cities from using the threat of cutting off other utilities as a means of enforcing a trash collection fee. *Page 4 
And where the legislature has expressly refused to allow cities to exercise a power, a city's attempt to circumvent the statute will be invalid. State ex rel. Birk v. City of Jackson,907 S.W.2d 181, 184 (Mo. App. E.D. 1995) ("any reasonable doubt as to whether a power has been delegated to a municipality is resolved in favor of non-delegation"). A city cannot use the structure of a utility bill as a means to obtain power that the legislature has declined to delegate to the city.
Therefore, although cities such as the City of Raymore may bill trash collection service as part of a water bill, they must list the trash collection fee separately from all other fees. Also, if a person does not pay the entire bill, but pays enough money to cover everything but trash, the city may not apply that money to trash first and then shut off other utilities as a penalty for non-payment.
 CONCLUSION
A charter city is authorized to impose a city-wide trash service upon its citizens. If the city chooses to make the service mandatory, a citizen may not legally refuse to pay for the trash services. The city may bill the service as part of a water bill, but only if the trash service fee is stated separately, and with the restriction that the city may not shut off other utilities for non-payment of trash service.
 Very truly yours,
 ____________________ CHRIS KOSTER Attorney General
[1] Because § 260.215, RSMo 2000, gives power to all cities and counties, it makes no difference whether they are organized under charter or some other form of government, or which class they are. In contrast, § 71.680, RSMo 2000, is another source of authority for "second, third, or fourth class" cities to collect trash. SeeState ex rel. Birk v. City of Jackson,907 S.W.2d 181, 185-86 (Mo. App. E.D. 1995) (§ 260.215, RSMo, gives power to all cities, while § 71.680, RSMo, only applies to certain classes of cities).
[2] Even if the City of Raymore creates a contract which obligates it to pay a private trash collector whether or not the citizens pay their fees, the city may not avoid this limitation. If a municipality does not have the power to do something, no private contract can give it that power. Section 432.070, RSMo Cum. Supp. 2009 (city may not make contracts outside the scope of its power); Div. Cavalry Brigade v. St. Louis County,269 S.W.3d 512, 516 (Mo. App. E.D. 2008) (contracts not complying with § 432.070, RSMo, are unenforceable). *Page 1